THOMSEN, Appellant, vs. CITY OF KENOSHA, Respondent.

*February 13—March 13, 1917.*

*Contracts: Construction of sewer: Extra work: Evidence: Right to recover: Conditions precedent.*

1. In an action to recover for extra and additional work claimed to have been done in performing a contract for the construction of a sewer, the evidence is *held* to sustain findings of a referee, approved by the trial court, that plaintiff had not sustained his claim except as to two items of extra work, and that as to those there had been no written agreement fixing the price and no presentation of the claim as required by the contract.

2. Because of the failure to comply with said conditions of the contract plaintiff was not entitled to compensation for the extra work done.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This is an action brought by plaintiff to recover for alleged additional work which he claims to have done in connection with the performance of a contract with defendant for the construction of a sewer.

On August 1, 1913, plaintiff submitted a bid and contract to furnish all the material and do all the work for the building of a sewer in the city of *Kenosha* by a certain route. After the submission to and signing of the contract by the plaintiff and before such contract was signed by the mayor and city clerk and accepted by the city, the city of *Kenosha* changed the route of the sewer because it was unable to procure certain easements. The plaintiff was advised of the change of the route, was furnished with a profile of the new route, went over this route with the city engineer, and agreed to build the sewer under the same bid and agreement which he had submitted for the sewer by the first proposed route.

The plaintiff contends that through accident or mistake the profile of the changed route failed to show that almost.

1,000 more cubic yards of excavating was required on the
new route than was necessary on the original route; that he
did this excess excavating at an actual cost to him of $2.30
per cubic yard; that the original route required but two
turns, while the sewer as built required four turns, and that
this cost him for additional labor and material $140.25; and
that he incurred additional expense for hauling away dirt
from the excavations of the second route, which was not in-
cluded in his bid and contract covering the work on the first
route because the first route ran near a ravine where the dirt
could have been dumped without hauling.

The defendant claims that the profile of the second or new
route was correct, showing that practically the same amount
of excavating would be required for the second route as for
the first.

The referee found that the plaintiff had not sustained his
claim of additional or extra work, excepting two items,
namely, breaking the ground and building two catch-basins.
He found further that plaintiff had failed to secure in writ-
ing authority for these extras, and reported that defendant
was entitled to judgment dismissing plaintiff's complaint.

The circuit court approved the referee's report and entered
judgment dismissing plaintiff's complaint on the merits and
awarded the defendant costs and disbursements. From such
judgment this appeal is taken.

*Geo. W. Taylor* of Kenosha, for the appellant.

For the respondent there was a brief by *John C. Slater,* and
oral argument by *Mr. Slater* and *Mr. Edward F. Higgins,* both
of Kenosha.

SIEBECKER, J. It appears without dispute that the sewer
could not be constructed on the route specified in the origi-
nal plans and profile, upon which plaintiff made his bid to
construct the sewer; that plaintiff was informed of this fact
after he had submitted his bid and before the city had entered

into a contract for the construction of the sewer with him and that the common council had changed the route of the sewer to the one on which it was built. The plaintiff accepted this change of route and entered into the contract for its construction pursuant to the plans and profile furnished him of the new route. The evidence shows that plaintiff entered upon the work of constructing this sewer about September 17, 1913. The contract provides that the sewer was to be completed on or before January 1, 1914, but the work of construction was not in fact finished until the month of May, 1914. The referee found that plaintiff received payment of the full contract price. This is abundantly supported by the evidence.

It is argued that the plaintiff's claim for constructing two catch-basins, for excavating 1,000 cubic yards of earth, and hauling and scraping earth were all items in excess of what was required under the plans and profile on the original route, and that the extra cost of these items and the cost for extra liability insurance constitute additional work and cost not contemplated by the contract. It is obvious from the facts presented that all of these items were a part of the work of construction included in the contract and under the evidence they are extra work within the stipulations of the contract. The evidence sustains the referee's finding that there was no extra excavating. The contract included all the work of excavation included in the construction of the sewer on the new route. The court and referee also properly held that the plaintiff is not entitled to recover for the extra "breaking frost" and "two catch-basins" upon the ground that it was not ordered by the city nor was the price of the extras agreed upon in writing and signed by the plaintiff and the street committee before the extras were furnished as required by the contract for the construction of the sewer; nor was the claim therefor presented in writing to the city with-

in fourteen days from the time the alleged items of expense were in fact incurred.

The circuit court properly held that the referee's findings are not contrary to the clear preponderance of the evidence, that they should be affirmed, and that defendant is entitled to judgment dismissing plaintiff's complaint.

*By the Court.*—The judgment appealed from is affirmed.